```
Omero Banuelos, SBN 228267
415 W. Foothill Blvd. #202
Claremont, CA 91701
(213) 457-7171

Attorneys for Plaintiff, Thomas M. Reilly
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Thomas M. Reilly<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., Does 1 to 10,<br><br>Defendants. | Case No.  3:21-cv-04601-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 16, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**JOINT CASE MANAGEMENT STATEMENT**
**Case No.  3:21-cv-04601-EMC**

1

## 1. Jurisdiction & Service

The Court has subject matter jurisdiction over Plaintiff's federal antitrust claims pursuant to the Clayton Antitrust Act, 15 U.S.C. § 26, and 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367 because this claim arises from the same nucleus of operative facts as the federal antitrust law claims.

Plaintiff served Defendant Apple Inc. ("Apple") with the Complaint on August 11, 2021.  No current issues regarding personal jurisdiction or venue currently exist.

## 2. Facts

Plaintiff is the developer of Konverti, a Peer to Peer Currency Exchange application. Plaintiff is alleging its application was approved and improperly removed from Defendant's Apple Store and in violation of federal antitrust laws and related state laws.

As explained in Apple's pending Motion to Dismiss Plaintiff's Complaint and supporting reply brief, *see* Dkt. No. 24, 32, Apple alleges that Plaintiff's Complaint and allegations are fatally flawed.  Apple's removal of the Konverti app was a business decision grounded in Apple's publicly-available App Review Guidelines.

## 3. Legal Issues

Plaintiff is alleging federal antitrust claims pursuant to the Clayton Antitrust Act, 15 U.S.C. § 26, and 28 U.S.C. §§ 1331 and 1337 and claims under California Cartwright Act, Cal. Bus. & Prof.

Code § 16700 et seq and Unfair Business Practices under California Business and Professions Code, §17200, et seq.

The parties currently anticipate that they will address the following legal issues:

Whether Reilly's Complaint states a claim upon which relief can be granted;

Whether Reilly has alleged antitrust standing;

Whether Apple's accused conduct in respect of the proposed markets alleged by Reilly violates Sections 1 and/or 2 of the Sherman Act, 15 U.S.C. §§ 1-2, including but not limited to whether Reilly has alleged exclusionary conduct under Section 2 of the Sherman Act;

Whether Reilly has alleged a relevant antitrust market;

Whether Apple possesses market or monopoly power in any alleged market;

Whether Reilly has suffered causal antitrust injury;

Whether Reilly has alleged concerted action under Section 1 of the Sherman Act;

Whether the App Store is an "essential facility" to which access has been denied pursuant to Section 2 of the Sherman Act;

Whether Apple's accused conduct constitutes acts of unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.;

Whether Reilly has a basis to seek equitable relief under Cal. Bus. & Prof. Code §§ 17200, et seq.;

Whether Reilly is entitled to injunctive or other relief, including whether Reilly is entitled to any damages; and

Whether Apple is entitled to any attorneys' fees, costs, and/or other relief.

## 4. Motions

Defendant's Motion to Dismiss, Dkt. 24, is scheduled to be heard on December 16, 2021.

To the extent necessary, Apple also will file a motion for summary judgment as well as a motion to address efforts by Reilly to seek equitable relief under Cal. Bus. & Prof. Code §§ 17200, et seq. where it has an adequate legal remedy available.  No further motions are currently anticipated at this time.

## 5. Amendment of Pleadings

No current amendments to pleadings are anticipated. Plaintiff may amend pleadings subject to the court's ruling on the pending Motion to Dismiss.  Pending the outcome of its Motion to Dismiss, Apple reserves the right to file pleadings in this matter, and to seek leave to amend for good cause and in accordance with Rule 16 of the Federal Rules of Civil Procedure.

## 6. Evidence Preservation

Litigation Holds:  The Parties will comply with their obligations under the Federal Rules.

ESI Protocols:  The Parties shall meet and confer in good faith to agree upon a protocol to govern the preservation, collection, and production of ESI.  The parties certify that they have each reviewed

**JOINT CASE MANAGEMENT STATEMENT**
**Case No.  3:21-cv-04601-EMC**

4

the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f).  The parties will negotiate a stipulated protocol regarding ESI protocols and will submit that protocol for the Court's approval.

**7.  Disclosures**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties will make their Initial Disclosures on or before **January 16, 2022.**

**8.  Discovery**

The parties have not conducted any discovery to date.

The Parties suggest a 10-month discovery period.  Neither party envisions any needed changes to the Rule 26 disclosure requirements or other Rules of Civil Procedures regarding discovery.  No discovery has occurred yet.  The parties will submit a stipulated protective order for the Court's approval to facilitate discovery.

**9.  Class Actions**

This matter is not a class action.

**10. Related Cases**

Currently there are not related cases.

There are, however, pending cases in the Northern District of California involving Apple in which questions relating to market definition, market share and/or monopoly power, among others, have been raised in connection with Apple's App Store policies and apps distributed on Apple products, including *Epic Games v. Apple Inc.*,

Case No. 4:20-cv-05640-YGR (filed August 13, 2020); *Cameron et al. v. Apple Inc.*, Case No. 19-cv-03074-YGR (filed June 4, 2019); *In re Apple iPhone Antitrust Litigation*, Case No. 11-cv-06714-YGR (filed December 29, 2011); and *Coronavirus Reporter, et al. v. Apple Inc., et al.*, Case No. 21-cv-05567-EMC (filed in N.D. Cal. July 20, 2021).

**11. Relief**

Plaintiff is seeking compensatory damages and restitution in excess of $150,000, statutory damages, and injunctive relief.

Defendant Apple requests that the Court (1) enter judgment in favor of Apple and against Plaintiff, and (2) deny the relief that Plaintiff requests.

**12. Settlement and ADR**

The parties have not engaged in settlement discussions. The parties have met and conferred and have agreed to stipulate to the ADR process.  The parties have filed their respective ADR certifications.  The Parties propose to engage in mediation as the case proceeds if there comes a point at which they believe settlement is possible.

**13. Consent to Magistrate Judge For All Purposes**

Defendant has not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The case is not currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**JOINT CASE MANAGEMENT STATEMENT**
**Case No.  3:21-cv-04601-EMC**

6

## 15. Narrowing of Issues

The matter is in preliminary stages. The parties have not identified issues that can be narrowed by agreement or by motion.

## 16. Expedited Trial Procedure

The parties do not believe that this case is suitable for handling under the Expedited Trial Procedure of General Order 64, Attachment A.

## 17. Scheduling

<u>Joint Proposal</u>

Under the Court's Guidelines re Calculation of Trial Timeline, trial would presumptively be set for December 2022. The Parties respectfully requests extending that trial date to April 2023, to avoid undue impact on the parties' witnesses' holidays, and which is consistent with the requested discovery period in this matter.

| Deadline | Proposed Date |
| --- | --- |
| Close of Fact Discovery | September 29, 2022 |
| Last Day to File Discovery Motions | October 3, 2022 |
| Deadline to exchange initial expert reports (i.e., on issues for which the disclosing party bears the burden of proof) | October 6, 2022 |
| Deadline to exchange rebuttal expert reports (i.e., on issues for which the disclosing party does not bear the burden of proof) | October 27, 2022 |
| Close of Expert Discovery | November 14, 2022 |
| Deadline to file any motions for summary judgment ("MSJ") | October 27, 2022 |

| | |
|---|---|
| MSJ opposition briefs due | November 17, 2022 |
| MSJ reply briefs due | December 1, 2022 |
| Hearing on any motions for summary judgment | December 15, 2022 |
| Joint Pretrial Conference Statement (and Trial Briefs, if any) | February 21, 2023 |
| Pretrial Conference | March 14, 2023 (2:30 p.m.) |
| Trial | April 10, 2023 |

**18.  Trial**

Plaintiff is requesting a court trial.

Apple presently requests a jury trial.

At this time, the parties are unable to precisely estimate the anticipated length of trial, although, based on the current record, expect that any such trial would last approximately five to eight court days.

**19.  Disclosure of Non-party Interested Entities or Persons**

Plaintiff is not aware of non-party interested entities or persons. Defendant has filed its Certification of Interested Entities or Persons.  *See* Dkt. 4, 20.  As required by the Standing Order, the parties each restate the contents of those certifications here.

Plaintiff

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, the Plaintiff certifies that as of this date, other than the named parties, there is no such interest to report.

Apple

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Apple Inc. ("Apple") declares that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.(Dkt. 10.)

**20. Professional Conduct**

Attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None at this time.

```
Dated: December 9, 2021      /s/ Omero Banuelos
                             _____
                             Omero Banuelos, Counsel for Plaintiff
                             Thomas M. Reilly


Dated: December 9, 2021      /s/ Jason C. Lo
                             _____
                             Jason C. Lo
                             Attorney for Defendant Apple Inc.
```